**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4350

PEGGY L. MILLER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4367

PEGGY L. MILLER,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-166)

Argued: June 3, 1997

Decided: July 9, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia, for Appellant. Miller Allison Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Margaret A. Hickey, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Peggy Miller challenges the district court's denial of her motion to rescind a modification of the terms of her supervised release which requires her to undergo drug testing. For the reasons that follow, we vacate and remand to the district court for it to clarify the statutory basis upon which it ordered the drug testing.

I.

Peggy Miller pled guilty to one count of making a false claim on her 1990 tax return. After her sentencing hearing, the district court imposed a ten-month term of imprisonment and a three-year term of supervised release. See J.A. at 59-60.

At the time Miller committed her tax offense, a federal statute (enacted in 1990) provided that drug testing could be imposed, within the court's discretion, as a condition of supervised release. See 18 U.S.C. § 3583(d). The statute provided that the court could exercise its discretion to impose such a condition provided that the condition was reasonably related to (1) the nature and circumstances of the

2

offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, or (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3583(d); 18 U.S.C. § 3553. In 1994, after Miller committed her offense but prior to her conviction and sentence for this offense, 18 U.S.C. § 3583(d) was amended to make drug testing a mandatory condition of supervised release, waivable only upon a finding that the defendant posed a low risk of substance abuse.

The district court entered its April 8, 1996, order of judgment against Miller on a form sheet, on which appeared a box that the court could check if it made a finding that the defendant posed a low risk of drug abuse and therefore waived mandatory drug testing. See J.A. at 65. On this form, the district court checked the box. Several days later, however, the court entered an order imposing three periodic random drug tests as a condition of Miller's supervised release. See J.A. at 69. The court explained, in the course of denying Miller's motion to rescind this "modification" of the terms of her supervised release, that:

> [T]he Court's suspension of the requirement of drug testing was the result of a clerical error. The imposition of mandatory drug testing is discretionary with the Court. The Court considers it to be an appropriate condition for this defendant.

J.A. at 71. The district court did not explain whether it was imposing drug testing under its authority granted by the 1990 or 1994 version of section 3583(d).

Miller appeals the denial of her motion to rescind the district court's modification imposing the drug testing as a condition of her supervised release, claiming that the district court modified her release under the 1990 version of the statute, and abused its discretion in doing so. In this regard, she contends that there was no record evidence connecting her to drugs, drug use, or potential drug use, and therefore that drug testing was not reasonably related to any of the four factors listed in the 1990 version of section 3583(d). In the alter-

3

native, Miller argues that if the district court was applying the 1994 version of section 3583(d) when it modified her supervised release, the court's application of this amended statute violated the Ex Post Facto Clause because the new provision retroactively increased the severity of her punishment for the offense that she committed in 1991. But see Jones v. Murray, 962 F.2d 302, 309 (4th Cir. 1992); Ewell v. Murray, 11 F.3d 482, 487 (4th Cir. 1993). Because, after an examination of the record, we cannot discern whether the district court sentenced Miller under the 1990 or the 1994 version of the statute when it imposed Miller's drug testing, we vacate the district court's order and remand for clarification of the statutory (and, if necessary, the factual) basis for its decision.

II.

Both Miller and the United States argue that the district court sentenced Miller under the 1990 version of the statute when it modified its order because the language of the district court's order denying Miller's motion to rescind referred to the court's "discretion" to impose drug testing. Because drug testing was discretionary under the 1990 statute, but now is mandatory under the 1994 amendments, the parties conclude that the district court must have sentenced Miller under the older statute. If the parties were correct in their contentions, a substantial question would exist as to whether the district court abused its discretion, as the plain text of the 1990 statute provides that a "discretionary" condition may only be imposed if the condition is reasonably related to one of the four penal goals specified in the statute, none of which, at least on the record as it appears before us, appear applicable to Miller.

We are far from convinced, however, that the district court imposed sentence under the 1990 statute. From our reading of the record, it appears at least as likely that the court was acting pursuant to the statute as amended in 1994, which denominates drug testing as a "mandatory" condition of supervised release, but leaving the district court with discretion to waive the condition upon a finding that the defendant presents a low risk of drug abuse. Thus, for instance, the district court's reference to "discretion" in its decision denying Miller's motion to rescind could as easily have been a reference to the court's discretion to waive the "mandatory" condition under the 1994

4

statute. The 1994 version of the statute was also the version in effect when Miller was sentenced. Additionally, the judgment form completed by the court was clearly intended to implement the 1994 version of the statute: Pursuant to the text of the form, drug testing is automatically imposed as a condition of supervised release unless the box is checked reflecting a finding by the court that the defendant poses a low risk of drug use. See J.A. at 65. Such a finding would only appear necessary if the court was sentencing Miller under the 1994 version of section 3583(d).

Because we cannot be certain of the basis for the district court's imposition of drug testing as a condition of Miller's supervised release, we think the more prudent course at this juncture is to vacate the district court's order and return the case to the district court for clarification of the statutory basis upon which Miller was ordered to undergo mandatory drug testing and an explanation of the reasons therefor if necessary.

The judgment of the district court is vacated and the case is remanded for further proceedings.

VACATED AND REMANDED

5